Filed 10/25/24  P. v. Townsend Street Gang CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE ex rel. TODD SPITZER, as District Attorney, etc. | |
| Plaintiff and Respondent, | |
| v. | G062921 |
| TOWNSEND STREET GANG, | (Super. Ct. No. 30-2014-00727728) |
| Defendant; | O P I N I O N |
| JORDAN CASTANEDA, | |
| Real Party in Interest and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Layne H. Melzer, Judge. Dismissed.

Sean M. Garcia-Leys, under appointment by the Court of Appeal, for Real Party in Interest and Appellant.

Todd Spitzer, District Attorney, and John R. Maxfield, Deputy District Attorney, for Plaintiff and Respondent.

\*          \*          \*

A civil gang injunction may prohibit gang members within a "Safety Zone" from engaging in certain conduct (associating with other gang members, fighting, etc.). Gang members can be held in criminal contempt for violating the injunction. However, due process requires notice and an opportunity to be heard (a predeprivation hearing) before the injunction can be enforced against alleged active gang members not named in the injunction. (*People v. Sanchez* (2017) 18 Cal.App.5th 727, 756.)

In 2015, a trial court granted a permanent injunction against defendant Townsend Street gang (TSG). The injunction applied to 14 named TSG members and other unnamed members. In 2023, plaintiff Orange County District Attorney (OCDA) filed a motion asking the court to conduct a predeprivation hearing to determine whether real party in interest Jordan Castaneda was an active TSG member. The court conducted the hearing and found Castaneda to be an active TSG member subject to the injunction.

Castaneda filed an appeal claiming the OCDA's motion did not state "the grounds upon which it will be made." (Code Civ. Proc., § 1010.) Castaneda further claimed there was no evidence that he had the specific intent to further the gang's illegal aims.

However, just prior to oral argument, the OCDA filed a motion to dismiss this appeal because Castaneda had recently died. In its written motion, and at oral argument, the OCDA argued that the appeal is moot because a gang injunction cannot be enforced against a deceased person.

Castaneda's counsel opposed the motion to dismiss both in writing and at oral argument. Counsel argued that while this appeal is moot as to his client, the issues being raised are of broad public interest and likely to recur. (See *In re William M.* (1970) 3 Cal.3d 16, 23 ["if a pending case poses an issue of broad public interest that is likely to recur, the court may exercise

an inherent discretion to resolve that issue even though an event occurring during its pendency would normally render the matter moot"].)

We find that the two issues being raised in this appeal are moot as to Castaneda. We further find that issues appear to be fairly narrow, and we are not convinced that they are of broad public interest and are likely to recur. Thus, we grant the OCDA's motion to dismiss.

### III.
### DISPOSITION

The appeal is dismissed.



MOORE, ACTING P. J.

WE CONCUR:


MOTOIKE, J.


GOODING, J.